UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**David Charles Reffitt** *et al.*,

    **Plaintiffs,**

v.

**Summit Treestands, LLC** *et al.*,

    **Defendants.**

:

Case No. 2:20-cv-1059
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

:

**OPINION AND ORDER**

This matter is before the Court on Motion for Summary Judgment filed by Defendants Summit Treestands, LLC and EBSCO Industries, Inc. (ECF No. 16). Plaintiffs David Charles Reffitt and Crystal Reffitt filed a Memorandum Contra to the Motion (ECF No. 23), and Defendants filed a Reply. (ECF No. 24). Defendants' Motion is ripe for decision.

**I.  BACKGROUND**

This product liability case arises out of an unfortunate hunting incident on a farm located in Morrow County, Ohio. (ECF No. 23, Memo Contra, PageID 214). Like many avid hunters, Mr. Reffitt uses a climbing tree stand to hunt from elevation. (*Id.*). On January 29, 2018, Mr. Reffitt was on a winter hunt in search of a tree in which he could wait for game. (*Id.*). He spotted his perch, scaled the tree, and positioned himself on a Summit Cobra XL Climbing Treestand ("Cobra Treestand"). (*Id.*; ECF No. 16, Mot. Summ. J., PageID 83). The brackets on the

1

Cobra Treestand broke causing him to plummet thirty feet to the ground below. (ECF No. 23, Memo Contra, PageID 214–15).

Mr. Reffitt was seriously and permanently injured as result of the fall. (*Id.*). He suffered various spinal injuries requiring surgical repair. (*Id.*). As a result of the injuries to her husband, Mrs. Reffitt suffered loss of society, companionship, services, attention, consortium, and care, and she endured mental anguish in connection to the treatment and care of her husband. (ECF No. 16, Mot. for Summ. J., PageID 90).

The Reffitts filed this action in state court alleging product liability claims under Ohio Rev. Code Chapter 2307: Defective Design or Manufacture (Count I); Defective Due to Nonconformance with Manufacturer's Representation (Count II); and Defective Due to Inadequate Warning or Instruction (Count III). (*Id.*). Mrs. Reffitt brings a derivative loss of consortium claim (Count IV). (*Id.*). Defendants timely removed the case to this Court. (ECF No. 1). The matter is now before the Court on summary judgment.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the non-moving party).

### III.   ANALYSIS

Defendants seek summary judgment arguing that the Reffitts' claims are time-barred by the statute of repose, Ohio Rev. Code § 2305.10(C)(1). (ECF No. 16, Mot. for Summ. J., PageID 83). Before addressing that argument, the Court will address the Reffitts' objections to certain evidence presented by Defendants in support of their Motion.

3

### A. Plaintiffs' Challenge to the Admissibility of Defendants' Evidence Regarding the Sale and Delivery of the Cobra Treestand

The Reffitts argue that certain evidence presented by Defendants to establish the delivery date of the Cobra Treestand is inadmissible and cannot be considered on summary judgment. (ECF No. 23, Memo Contra, PageID 215–16).

Fed. R. Civ. P. 56(c)(4) requires that an affidavit or declaration used to support a motion must be made on personal knowledge and set out facts that would be admissible in evidence. Correspondingly, other cited materials must be capable of presentation in an admissible form. Fed. R. Civ. P. 56(c)(2). A party may object to the use of a cited material if that party does not believe it is admissible in evidence. *Id*. Inadmissible evidence cannot be considered by the Court on summary judgment. *Wiley v. United States*, 20 F.3d 222, 225–26 (6th Cir. 1994) (citing *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988)). The Reffitts object to three pieces of evidence: the Declaration of Tyler Novak, the Asset Purchase Agreement ("APA") and annexed Inventory List, and the Declaration of Keith Wilson.

#### 1. Declaration of Tyler Novak and the APA and Inventory List

The Reffitts object to Mr. Novak's declaration for lack of personal knowledge about the asset purchase. (ECF No. 23, Memo Contra, PageID 219–20). And because the sole purpose of Mr. Novak's declaration is to authenticate the APA and Inventory List (ECF No. 16–7, Mot. for Summ. J. Ex. 7, Novak Decl., ¶¶ 4–5), the

4

Reffitts also argue those documents were not properly authenticated. (ECF No. 23, Memo Contra, PageID 220–21).

A document is authenticated if the proponent produces evidence "sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This can be done through witness testimony; the Federal Rules of Evidence "do not require that the testimony of a custodian or other qualified witness regarding business records be based on personal involvement in, or personal knowledge of, the preparation of the records." *Rote v. Zel Custom Mfg., LLC*, 383 F. Supp. 3d 779, 784 (S.D. Ohio 2019) (Graham, J.) (citing *United States v. Jenkins*, 345 F.3d 928, 935 (6th Cir. 2003)). Rather, "all that is required of the witness is that he or she is familiar with the record keeping procedures of the organization." *Jenkins*, 345 F.3d at 936 (citing *Dyno Construction Co. v. McWane, Inc.*, 198 F.3d 567, 576 (6th Cir.1999)). A business record must satisfy four requirements to be admissible under Fed. R. Evid. 803(6):

> (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Jenkins*, 345 F.3d at 935 (citing *United States v. Weinstock*, 153 F.3d 272, 276 (6th Cir.1998)). This information must be presented through "the testimony of the custodian or other qualified witness[.]" Fed. R. Evid. 803(6). "[T]he testimony of the custodian or otherwise qualified witness who can explain the record-keeping of his

5

organization is ordinarily essential." *Dyno Const. Co.*, 198 F.3d at 576 (citing *United States v. Wables*, 731 F.2d 440, 449 (7th Cir.1984)).

Here, Mr. Novak has not he shown he is an "other qualified witness" because nothing in his declaration establishes that he has familiarity with Defendants' record keeping procedures. Nor did he establish the four elements required for evidence to meet the business record exception to hearsay. While he asserts he is General Counsel to EBSCO and is authorized to execute the declaration (ECF No. 16–7, Novak Decl., ¶ 3), Mr. Novak does not provide any details about Summit's record keeping practices or the records themselves. He only testifies that the APA submitted is a "true and correct copy." (*Id.*, ¶ 5). Even though Mr. Novak did not need to be personally involved with preparing the APA and Inventory List as a precondition of laying a foundation, his declaration does not authenticate the documents; simply stating he is "general counsel" is not evidence that he is familiar with Summit's record keeping practices. Thus, the Court will not consider the APA and Inventory List on summary judgment.

### 2. Declaration of Keith Wilson

The Reffitts argue that Mr. Wilson's testimony regarding the Cobra Treestand manufacture date and Summit's customary business practices from 2000 to 2003 were not based on sufficient personal knowledge of the relevant events. (ECF No. 23, Memo Contra, PageID 217–18). Several facts in the declaration, however, demonstrate Mr. Wilson does have adequate personal knowledge to support his testimony. First, Mr. Wilson states that he has "personal knowledge of

6

the subject product and the information contained [in the declaration]." (ECF No. 16–3, Wilson Decl., ¶ 4). Second, Mr. Wilson has over twenty years' combined experience as Production Manager for Defendant Summit Treestands, LLC and its predecessor Summit Specialties, Inc. (*Id.*, ¶ 3). He was employed by Summit Specialties at the time the stand was manufactured in 2000. (*Id.*). Lastly, Mr. Wilson personally inspected the photographs of the subject Cobra Treestand. (*Id.*, ¶ 5). It follows, then, that Mr. Wilson's statements concerning the manufacture date and Summit's business practices from 2000 to 2003 are substantiated by his extensive experience as a Production Manager during all relevant times. This is sufficient to establish personal knowledge.

Next, the Reffitts argue that Mr. Wilson could not, based on mere review of the APA and Inventory List, make a conclusion about the Cobra Treestand sale date. (ECF No. 23, Memo Contra, PageID 218–19). Mr. Wilson was personally involved in overseeing Summit's inventory system and entries, is familiar with Summit's date-stamped products and their corresponding inventory codes, and has personal knowledge of the inventory codes' meaning. (ECF No. 24–1, Wilson Decl., ¶¶ 3–7). However, because the APA and Inventory List are inadmissible, Mr. Wilson's testimony concerning those documents is also inadmissible. Thus, Mr. Wilson had sufficient personal knowledge to testify to Summit's business practices and the Cobra Treestand manufacture date, but his statements interpreting the APA and Inventory List will not be considered on summary judgment.

7

### B. Ohio's Statute of Repose

The parties agree that Ohio law applies to the Plaintiffs' claims. Ohio's statute of repose for product liability claims, Ohio Rev. Code § 2305.10(C)(1) provides as follows:

> [N]o cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

Ohio Rev. Code § 2305.10(C)(1).[1] A statute of repose is raised as an affirmative defense, and as such, Defendants have the burden to prove there is no genuine dispute of material a fact over a prima facie element of the defense. *See Snyder v. Honeywell Int'l, Inc.*, No. 3:20 CV 74, 2020 WL 6318924, at *2 (N.D. Ohio Sept. 18, 2020) (citing *Fazio v. Gruttadauria*, 2008-Ohio-4586, ¶ 23 (Ohio Ct. App. 2008)).

Here, Defendants do not dispute their identity as "manufacturers" or "suppliers" under Ohio law. (ECF No. 16, Mot. for Summ. J., *see generally*). And the Reffitts do not contest Defendants' assertion that the Cobra Treestand was not a component of another product. (ECF No. 23, Memo Contra, *see generally*). The issue, then, is whether Mr. Reffitt's injury occurred within ten years of when the Cobra Treestand was delivered to its first purchaser.

---

[1]This statute contains several uncited exceptions, but the parties agree that none apply here. (ECF No. 23, Memo Contra, PageID 221; ECF No. 16, Mot. for Summ. J., PageID 100).

The Reffitts argue Defendants must produce direct evidence that the delivery to the first purchaser did not occur in the ten years preceding Mr. Reffitt's injury. (ECF No. 23, Memo Contra, PageID 223–24). However, neither Ohio Rev. Code § 2305.10(C) nor caselaw interpreting the statute require this. *See Knickerbocker Properties Inc XLII v. General Elec. Co.*, No. 13CVB060557, 2014 WL 2932632, at *2 (Ohio Com.Pl. Jan. 16, 2014).

In *Knickerbocker*, the plaintiff brought product liability claims for an injury from an alleged defective dishwasher. On summary judgment, the court found that Ohio Rev. Code § 2503.10(C)(1) barred the claims despite the defendant's lack of direct evidence showing the dishwasher's exact delivery date outside the statutory period. *Id*. Instead, the defendant offered testimony of its business practice to deliver dishwashers to the first purchaser within eighteen months of manufacture. *Id*. at *1. When the plaintiff could not produce evidence rebutting this testimony, the court granted summary judgment to the defendant. *Id*. at * 2.

Like the defendant in *Knickerbocker*, Defendants have provided evidence of the Cobra Treestand's manufacture date and of Summit Specialties' standard business practices from 2000 to 2003 to demonstrate that delivery occurred outside the statutory period.

The subject Cobra Treestand was manufactured in August-September of 2000. (ECF No. 16–3, Wilson Decl., ¶ 5). There are two manufacture date stamps on the Cobra Treestand, one on the upper portion and one on the lower. (*Id.*; ECF No. 16–2, Mot. for Summ. J. Ex. 2, PageID 116–17). According to Mr. Wilson, the

9

stamps read, "I0" (which means September 2000) and "H0" (which means August 2000); these stamps mean that the Cobra Treestand was manufactured in August-September 2000. (ECF No. 16–3, Wilson Decl., ¶ 5). The Cobra Treestand's design features also evidence that it is a 2000 model year stand. (*Id.*).

Next, Mr. Wilson's testimony establishes that, at the time the subject Cobra Treestand was manufactured, Summit sold its tree stands "contemporaneously or within 12 months of manufacture." (ECF No. 24–1, Wilson Decl., ¶ 5). Accordingly, the subject Cobra Treestand would have been sold and delivered to the first purchaser within twelve months of September 2000 — or by September 2001, more than sixteen years before the filing of this action.

In response, the Reffitts provide no evidence of delivery within the statutory period. Mr. Reffitt states that he started hunting from elevation toward the end of high school, at which point he began to purchase tree stands. (ECF No. 16–5, Reffitt Depo, PageID 124). He believed this to be around 2003, but "would have to speculate" and was "not sure exactly" as to the precise time. (*Id.*). Mr. Reffitt has no memory of purchasing the subject Cobra Treestand (*Id.*, PageID 128), did not recall the date of purchase (*Id.*, PageID 129), and could not give an estimate of when he purchased it. (*Id.*). He has no receipt evidencing the purchase of the Cobra Treestand. (*Id.*, PageID 128). Rather, "[i]t is undisputed that Plaintiffs have no evidence to conclusively establish when the treestand was purchased." (ECF No. 23, Memo Contra, PageID 222). With only denials and no evidence, the Reffitts cannot

10

create a genuine dispute of material fact as to the date of delivery to the first purchaser.

Thus, Mr. Reffitt's product liability claims are time-barred, and the Defendants are entitled to judgment as a matter of law. Mrs. Reffitt's loss of consortium claim, a derivative of her husband's product liability claims, is also barred. Accordingly, the Defendant's Motion for Summary Judgment is **GRANTED**.

## IV. CONCLUSION

For the Reasons stated above, the Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

<u>/s/ Sarah D. Morrison</u>
**Sarah D. Morrison**
**United States District Judge**